DIAZ, J.,
Dissenting:
¶ 11. The majority finds that the trial court was correct in its decision not to grant Jones’s peremptory instructions. I disagree and respectfully dissent.
*949 ¶ 12. Miss.Code Ann, § 63-3-505 (Rev. 1996) provides:
The driver or operator of any motor vehicle must decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic. All trucks, or truck-trailer combinations and passenger buses shall be required to reduce speed to forty-five miles per hour during inclement weather when visibility is bad.
¶ 13. As stated by the majority, this Court has held the failure to instruct the jury on negligence as a matter of law is reversible error, where it is proven that the defendant violated a statute and the injured is among the class of people the statute is designed to protect. Jackson v. Daley, 739 So.2d 1031, 1036 (Miss.1999).
¶ 14. At issue are two instructions. One calls for a verdict in Jones’s favor and the other instructs the jury that McQueen’s actions were negligent as a matter of law, leaving the question of proximate cause as a question for the jury to answer. I agree with the majority’s finding that the first instruction was properly denied. However, I do not agree with the majority’s finding that there is a fact question remaining as to McQueen’s negligence.
¶ 15. The speed limit was thirty-five miles per hour in the area the accident occurred. At trial (ten years after the accident), McQueen testified that she was driving between thirty-five and forty miles per hour. However, a police officer’s accident report taken soon after the accident occurred reveals that McQueen said she was driving forty miles per hour when the accident occurred. Not only was McQueen driving over the posted speed limit, she also admitted during her testimony that she did not slow down before entering the crave, “I don’t recall applying my brakes before I entered the curve.” This is a clear violation of Miss.Code. Ann. § 63-3-505.
¶ 16. In my opinion, the evidence conclusively shows that McQueen was negligent as a matter of law. As such, the lower court should have granted Jones’s peremptory instruction. Accordingly, I dissent from the majority’s decision,
McRAE, P.J., AND EASLEY, J., JOIN THIS OPINION.